### JOHN STEPHENSON v. THE STATE.

*No. 204.      Decided March 28.*

**Aggravated Assault and Battery—When Committed with a Pistol—Deadly Weapon.**—When the weapon used in committing an assault and battery is a pistol, the assault would not be aggravated unless it is shown that the pistol, in the manner in which it was used, was a deadly weapon, or that by its use serious bodily injury was inflicted.

APPEAL from the District Court of Grayson. Tried below before Hon. T. J. BROWN.

Appellant was indicted for assault with intent to murder one Joe Phillips. At his trial he was convicted of aggravated assault and battery, his punishment being assessed at a fine of $100.

The main facts are concisely but sufficiently stated in the opinion.

*Hazlewood & Smith,* for appellant.—A conviction for aggravated assault, committed by the use of a deadly weapon, is not supported by evidence that fails to show the deadly character of such weapon in the manner of its use. Key v. The State, 12 Texas Crim. App., 512; Miles v. The State, 23 Texas Crim. App., 413; Williamson v. The State, 5 Texas Crim. App., 487; Wilks v. The State, 3 Texas Crim. App., 34; Skidmore v. The State, 43 Texas, 94; Hilliard v. The State, 17 Texas Crim. App., 210; Melton v. The State, 30 Texas Crim. App., 273; Pierce v. The State, 21 Texas Crim. App., 548.

In this case the assault was committed with a pistol, and in order to sustain a conviction for an aggravated assault, the pistol, in the manner of its use, must be proven to be a deadly weapon. Key's case, 12 Texas Crim. App., 512; Miles' case, 23 Texas Crim. App., 413; Wilks' case, 3 Texas Crim. App., 34; Skidmore's case, 43 Texas, 94.

*R. L. Henry,* Assistant Attorney-General, for the State.

ON MOTION FOR REHEARING.

SIMKINS, JUDGE.—Appellant moves for a rehearing on the ground of the insufficiency of the evidence to sustain a conviction for an aggravated assault. A re-examination satisfies us that the motion should be granted. The record shows that appellant struck Phillips on the side of the head with the pistol; that the pistol fired accidentally at the time of the blow, cutting out a piece of Phillips' ear, and slightly powder-burning his face. The record fails to show the size or weight of the pistol, or that any injury was inflicted on Phillips from its use as a bludgeon, except the accidental result above stated. In Pierce's case, 21 Texas Criminal Appeals, 548, it was held, that where a pistol is used to strike with, the assault would not be aggravated unless it is shown that the pistol, in the manner in which it was used, was a deadly weapon, or that by its use serious bodily injury was inflicted. Melton v. The State, 30 Texas Crim. App., 273; Wilson v. The State, 15 Texas Crim. App., 150; Hunt v. The State, 6 Texas Crim. App., 663.

The rehearing is granted. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.