### J. J. HAMILTON v. THE STATE.

No. 776.   Decided November 9, 1910.

**Assault to Murder—Aggravated Assault—Deadly Weapon.**

   Where, upon trial of assault to murder, the court simply submitted aggravated assault with a deadly weapon, and simple assault, and the evidence did not show that the instrument used by the defendant was a deadly weapon, or that the wounds were of a serious character, the conviction for aggravated assault could not be sustained.

   Appeal from the District Court of Newton.   Tried below before the Hon. W. B. Powell.

   Appeal from a conviction of aggravated assault; penalty, a fine of $25 and thirty days confinement in the county jail.

   The opinion states the case.

   *West & Forse,* for appellant.—Cited cases in opinion.    ₒ

   *John A. Mobley,* Assistant Attorney-General, for the State.

   McCORD, JUDGE.—The appellant was indicted in the District Court of Newton County for an assault with intent to murder.   He was convicted of aggravated assault and fined $25 with thirty days confinement in the county jail.

   In the trial of the case the court did not submit assault with intent to murder, but submitted the case to the jury on aggravated assault and simple assault, and defining an assault he charged the jury that if they believed from the evidence beyond a reasonable doubt that the defendant in the county of Newton, and State of Texas, about the time charged in the indictment with a deadly weapon did unlawfully assault said Len Roser, and the said assault was not in his self-defense that they would find him guilty of aggravated assault and fix the punishment therefor.   No other ground of aggravation is submitted to the jury than an assault with a deadly weapon.   The appellant contended in the court below and in this court that the conviction was not authorized by the testimony because there was no proof offered in the court below showing that the instrument used was a deadly weapon.   In the trial of the case the prosecuting witness, Len Roser, testified that he and the defendant Hamilton met in the road; some words passed between them when the defendant with a stick about two and one-half or three feet long struck him twice across the head, on the left side of his head, and also made a strike or two and hit him on his arm.   The stick was wood. The witness said he would judge the stick to be three inches in circumference or an inch or inch and a half through at the larger end and about three-fourths of an inch through at the small end; that he supposed the stick would weigh about a pound or pound and a half.   He says the stick broke the skin a little bit on his head and

his head was swollen up from some of the bruises. Dr. Ogden was sworn and testified that he examined the prosecutor some time after the alleged injury and found some blood clots under the skin on the left side of his head, and also found a wound on the right side of his jaw and some bruises on his shoulder. He says: "I just dressed the wounds and went on." And that the bruises were such as might have been made with a stick. He did not state whether the wounds were of a serious character or not. John Hamilton, Jr., testified that he was present at the difficulty; that he knew the stick his father struck the prosecuting witness with, and the stick was produced in court and he identified it as the one that was used and that the stick weighed three-fourths of a pound; that he had weighed the stick and that was its exact weight. This is substantially all of the testimony in the case. There is no proof that the instrument used was a deadly weapon and this being the only issue of aggravation submitted by the court to the jury and the proof failing to show that the wounds were of a serious character, we are of opinion that the case must be reversed because the testimony fails to show that the instrument used was a deadly weapon. In the case of Stephenson v. State, 33 Texas Crim. Rep., 162, this court held that the assault would not be aggravated unless it be shown that the pistol in the manner in which it was used was a deadly weapon. In the case of Pierce v. State, 21 Texas Crim. App., 540, it was held that where a pistol is used to strike with, the assault would not be aggravated unless it be shown that the pistol in the manner in which it was used was a deadly weapon, or that by its use serious bodily injury was inflicted. See Melton v. State, 30 Texas Crim. Rep., 273; Jenkins v. State, 30 Texas Crim. Rep., 379; Wilson v. State, 34 Texas Crim. Rep., 64, and Halsell v. State, 29 Texas Crim. App., 22.

Because the proof fails to show that the instrument used was a deadly weapon. the case is reversed and the cause remanded.

*Reversed and remanded.*