## EDDIE NOWLIN v. THE STATE.

No. 778. Decided November 23, 1910.

**Assault to Rape—Charge of Court—Principals.**

Where, upon trial of assault with intent to rape against defendant and others, the defendant being alone on trial, the evidence did not show that the defendant did anything, or assented to anything that was done by the other parties at the time of the assault, and the court charged on the law of principals that all those who were present were guilty of the offense, if they agreed thereto, and refused the defendant's requested charge submitting defendant's theory of defense that he was not agreeing to such an assault, there was reversible error.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of aggravated assault; penalty, nine months confinement in the county jail.

The opinion states the case.

*G. E. Smith,* for appellant.—On the question of defendant's refusal

of requested charge: Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1128.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—The appellant was indicted in the court below for an assault with the intent to rape. His trial resulted in a conviction of aggravated assault with a punishment of nine months confinement in the county jail. Hence this appeal.

The defendant was jointly indicted with Stewart, Ross and White for an assault with intent to rape. In the case of Ross v. State, this day decided, a review of the testimony of the case was set out. Hence, it will not be necessary to detail the facts in this case. In addition, however, to the testimony in the Ross case two facts in the trial of this defendant, who was separately tried from the others, were shown. The State proved that after Nowlin took the young lady home that night in a buggy after the alleged assault he did not go to his home, but went to the little village of Sydney, and there met the defendants Ross, Stewart and White, and that some days thereafter he told Cody Graham, a witness for the State, that it was made up between himself, Ross, White and Stewart for them to meet the defendant and the young lady down at the gap of the pasture, as the boys wanted to see the young lady about a letter that she had written to White; that this agreement with the other boys was made at the party which they all attended the night of the assault; he also told Bob Arnold that he knew that the boys were going to be out there to meet them to ask about a letter that the prosecutrix was said to have written to White. Now, the facts do not show that this defendant did anything, or assented to anything that was done by the other parties at the time of the assault. The court charged the jury that any person who agrees to the commission of an offense and who is present when the same is committed is a principal thereto, whether he aided or not in the illegal act. The defendant requested the court to charge the jury that if the defendant did not know that said parties intended to assault said prosecuting witness with intent to commit the offense of rape, but thought that the object of said parties in stopping and detaining said prosecuting witness was to interview her with regard to a letter theretofore written, then defendant would not be guilty. This charge was refused by the court. Article 78 of the Penal Code provides: "Any person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal thereto, whether he aids or not in the illegal act." The mere presence of a party when an offense is committed does not make him a principal, unless he advises or agrees to same. There is nothing in the conduct of the defendant at the scene of the assault that showed he either advised or agreed to it then. If, however, before the assault was

committed he had agreed that he would take the young lady down there and that the parties should assault her when they reached there for the purpose of committing rape upon her, then he would be a principal, whether he did or said anything or not; but he must have known beforehand that an offense was going to be committed and that he took the party down there for the purpose of the offense being committed. The testimony of Arnold and Graham that he told them that he knew the boys were going to be there to see her about a letter does not show that his purpose in taking her down there was for them to assault her. Hence, the charge requested by the defendant should have been given. If he did not know an offense was going to be committed, though he was present when the offense was committed, he would not be guilty by reason of his presence. We are, therefore, of opinion that the court erred in not giving the special requested instruction, and for this reason the case will have to be reversed.

The other questions raised have been discussed and passed upon in the companion cases this day decided.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*