### J. W. SMITH v. THE STATE.

No. 893. Decided March 1, 1911.

**1.—Assault to Murder—Charge of Court—Principals.**

The mere fact that a party may have knowledge of a crime will not make him guilty as a principal, and a charge of the court which submitted this as the law of the case was reversible error.

**2.—Same—Charge of Court—Defense of Another.**

Where, upon trial of assault to murder, the evidence showed that the defendant acted in the defence of others, and the charge of the court confined itself to the question as to whether the lives of such others were in danger, or of suffering serious bodily injury, the same was too restrictive.

**3.—Same—Charge of Court—Deadly Weapon.**

Where, upon trial of assault to murder, there was no evidence whether the stick used was a deadly weapon, the court should not have charged upon a deadly weapon.

Appeal from the District Court of Floyd. Tried below before the Hon. L. S. Kinder.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and ninety days confinement in the county jail.

The opinion states the case.

*T. F. Houghton* and *Randolph & Randolph* and *McGregor & Gaines,* for appellant.—On the question of deadly weapon: Melton v. State, 30 Texas Crim. App., 273; Stephenson v. State, 33 Texas Crim. Rep., 162; Pierce v. State, 21 Texas Crim. App., 540; Wilson v. State, 15 Texas Crim. App., 150; Hunt v. State, 6 Texas Crim. App., 663; Kouns v. State, 3 Texas Crim. App., 13; Skidmore v. State, 43 Texas, 95; Shadle v. State, 34 Texas, 573.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Under an indictment charging assault with intent to murder appellant was convicted of aggravated assault, his punishment being assessed at a fine of $500 and ninety days imprisonment in the county jail.

The testimony shows rather an indiscriminate fight in which clubs and pistols seemed to have played a conspicuous part. The witness Poe, upon whom this assault was alleged to have occurred, testified that he was struck by appellant, and that he fired his pistol during the melee and perhaps shot off the finger of one of the crowd who was engaged in the fight.

The court gave this charge: "When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, and aid by acts or encourage by words, or gestures, those actually engaged in the commission of the unlawful act, such persons so acting or encouraging are principals." This is a general definition. Applying the law to the case the court thus instructed the jury:

"You are charged that if you believe from the evidence in this cause that Clyde and Edgar Smith, or either of them, with a deadly weapon, or weapons, or a weapon or weapons reasonably calculated to produce death or serious bodily injury, and with malice aforethought, did assault John Poe, with intent then and there to kill and murder him,

and you are further satisfied that said assault was not made in defense of themselves against an unlawful attack upon the part of Poe and Sutton, or either of them producing a reasonable expectation or fear of death or serious bodily injury, and the defendant, knowing of the assault by Clyde and Edgar Smith, or either of them, upon Poe, and knowing that said attack by Clyde and Edgar Smith, or either of them, was an unlawful attack and made with intent to kill, or to produce serious bodily injury, then the defendant would be guilty as a principal and punishable as such, and if you so believe from the evidence beyond a reasonable doubt you will find the defendant guilty as charged in the indictment."

This charge is not the law. Under no phase of the law of principals can a party be guilty as a principal from the fact of knowledge on his part that somebody was making an unlawful attack upon a third party. He must do something. He must aid and encourage by words or gestures, or do some act in the way of encouragement of the actual participants in order to make him guilty as a principal. The mere fact that a party may have knowledge of a crime will not make him guilty as a principal.

There is another charge, it occurs to us, is subject to criticism. It is that which authorized appellant to go to the defense of Clyde and Edgar Smith when attacked by Poe and Sutton. The trouble with this charge seems to be that his defense of the two Smiths was confined to the question as to whether they were in danger of losing their lives or suffering serious bodily injury at the hands of Poe and Sutton. Self-defense is not thus limited. If appellant had the right to go to the defense of his boys when they were assaulted, that right would cover all phases of the attack and he would have the same legal right to go to the assistance of Clyde and Edgar Smith to assist or defend them from an assault that did not endanger their lives or threaten their bodies with serious injury. We are of opinion that upon another trial the law of self-defense should not be given in such an abridged form.

There is another clause of the charge criticised. The indictment charged an assault with intent to murder without setting out the weapon or the means used. In submitting the issue of aggravated assault the court instructed with reference to the use of a deadly weapon. We deem it unnecessary to detail the testimony in regard to the weapon used further than to state that it is variously described as a stick or baseball bat, or grubbing hoe handle, and about two inches thick at the larger end and not so thick at the other. Its weight is not given; it is not shown to be a sound, heavy stick, and no other description is given of it tending to show its character, whether deadly or not deadly. No witness testified that it was a deadly weapon, and as we recall the record there is no evidence that it inflicted any injury of a serious nature. We are of opinion the evidence does not justify the court in omitting to charge the jury with reference to

simple assault, nor does the evidence sufficiently show that the instrument was a deadly weapon.   See Melton v. State, 30 Texas Crim. Rep., 273; Stephenson v. State, 33 Texas Crim. Rep., 162; Pierce v. State, 21 Texas Crim. App., 540; Wilson v. State, 15 Texas Crim. App., 150; Hunt v. State, 6 Texas Crim. App., 663.   A weapon may or may not be deadly, owing to its size and the manner of its use.

There are some other errors of which complaint is made that will hardly occur upon another trial, therefore they are not discussed.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*