### Katie Davis v. The State.

#### No. 1852.     Decided June 5, 1912.

**1.—Theft—Charge of Court—Principals.**

Where the evidence, upon trial of theft, pointed to a joint taking or a taking by one with a knowledge or consent of the other, knowing the unlawful intent, and the joint hiding or concealing of the property, the court correctly charged the law of principals.

**2.—Same—Charge of Court—Presence of Defendant—Codefendant.**

Where defendant was indicted jointly with another for theft, and there was evidence of a joint taking, but also testimony that defendant did not aid codefendant, the court should have submitted a charge to the jury that the mere presence of defendant would not render her guilty unless she aided or encouraged codefendant in the commission of the offense.

**3.—Same—Evidence—Conspiracy—Declarations of Codefendant.**

It is well recognized as a principle of law that after the completion of an offense, the remarks of one offender are not admissible against the other, unless there is something said that would indicate the guilt of the other and call for a response, where silence can be construed as acquiescence.

**4.—Same—Case Stated—Declarations of Codefendant.**

Where, upon trial of theft, the remark of the codefendant, that she saw something bright out there which led to the finding of the alleged stolen locket, was not admissible against the defendant until it was shown that they acted jointly in the taking and attempted to hide the said property in order to escape detection.

**5.—Same—Evidence—Fruits of Crime—Arrest.**

Where the remark of the codefendant led to the finding of some of the alleged stolen property, an objection that they were under arrest at the time is not tenable, if the testimony was otherwise admissible.

Appeal from the District Court of Tyler. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of theft; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*R. A. Shivers* and *Joe W. Thomas,* for appellant.—On the question of the court's charge on principal: Bennett v. State, 43 Texas Crim. Rep., 243; Jackson v. State, 20 Texas Crim. App., 190.

On question of declarations of codefendant: Blain v. State, 24 Texas Crim. App., 636; Collins v. State, id., 151; Barron v. State, 23 id., 475; Ake v. State, 31 Texas, 416; Cleavinger v. State, 43 Texas Crim. Rep., 274; Short v. State, 29 S. W. Rep., 1073; Short v. State, 61 S. W. Rep., 305.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Katie Davis, appellant, and Florence Ford were jointly indicted, charged with the theft of certain property, including a watch and locket, from Mrs. Williams. A severance was demanded, and Katie Davis alone placed on trial.

The evidence would indicate that Mrs. Williams went to the commissary at Rockland to make some purchases, and laid her purse on the counter and went out, leaving it there. While she was in the store appellant and Florence Ford were also in there, and remained in the store when Mrs. Williams went out. After Mrs. Williams' departure they purchased some goods and left together. Upon Mrs. Williams arriving at home she, missing her purse, informed her husband, and he went to the commissary in search of it, but did not find it. This was the same afternoon it was lost. The next morning he procured a search warrant, and searched the home occupied by Katie Davis and Florence Ford. Nothing was found in the house, but under the house a watch was found that Mrs. Williams says was her watch, and was in the purse when it was taken. The testimony would show that Katie and Florence were in the store together, left together, and went home in each other's company, they residing in the same house. When the watch was found under the house, they both were arrested, and the officer started with them to jail, and while going along the road Florence, in the presence and hearing of Katie, said, "I see something bright out there," and the officer went to the place and picked up the locket, also lost by Mrs. Williams, at the time the purse was lost. Other property was found about the place where appellant and Florence Ford resided.

The circumstances relied on to connect appellant with the theft is the fact that she and Florence Ford were in the store where Mrs. Williams says she left her purse; that the watch was found under the house, and some of the jewelry was found in the closet on the same place, and the further fact, that at Mr. Allen's suggestion, or otherwise, appellant and Florence Ford offered to pay for the property if they

were not put in jail, appellant explaining she had a young baby, and for this reason would rather pay for the property than to take the baby to jail with her.

The circumstances in evidence would support a finding of the jury that appellant and Florence Ford were guilty of the theft. Appellant's contention that the court erred in submitting the law as to who are principals can not be sustained. The evidence would point to a joint taking, or a taking by one with the knowledge and consent of the other, knowing the unlawful intent, and a joint hiding or concealment of the property.

However, appellant insists that if the court presented the law as to who are principals, and the fact of her being present with Florence Ford, and the watch being found under the house, and the further fact that the locket was found by reason of a suggestion made by Florence Ford to the officer, then appellant says, as she testified, that, although she was with Florence at the store, if the purse was taken by Florence, she knew nothing of it, and did not aid her; that the court should have instructed the jury that even though they believed Florence Ford took the purse, the mere presence of defendant would not render her guilty unless she aided, or encouraged, her in the commission of the offense. We are inclined to think the court should have presented the defensive theory affirmatively.

It is also insisted that the court erred in permitting the officer to state what Florence Ford said and that in consequence of the remark he was led to find the locket at the point suggested by her. It is a well recognized principle of law that after the completion of an offense, the remarks of one offender are not admissible against the other, unless there is something said that would indicate the guilt of the other and call for a response, where silence can be construed as acquiescence. In this case the remark did not call for a response from appellant; in fact, did not indicate guilt until the locket was found, and appellant's testimony would indicate she did not know it was there. The only theory that would render it admissible would be that the offense was jointly committed by appellant and Florence Ford, and that they had hid it there to escape detection, when they would subsequently come and get it and appropriate it to their own joint use. This is not manifest by the record. The objection that they were under arrest is not tenable, as it led to the finding of the property, but on another trial this evidence, while admissible against Florence Ford, should not be admitted against appellant, unless it can be brought within the rule announced in Franks v. State, 26 Texas Crim. App., 151, if they were still acting together in the concealment of the property with a view to a later disposition of it, it would be admissible.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*