## JIM OWENS V. THE STATE.

### No. 12339.   Delivered April 10, 1929.

The opinion states the case.

*James Ralph Bill* and *Adams & Jones* of Gainesville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment confinement in the penitentiary for nine years.

The indictment contained three counts. In the first count it was charged that appellant and Bob Savage committed the offense of robbery by force on W. P. Greenlee. The second count charged that appellant committed the offense. The third count charged that Bob Savage committed the offense, and that prior to the commission thereof by the said Savage appellant unlawfully and wilfully advised, commanded and encouraged the said Savage to commit said offense. Greenlee was assaulted and robbed. He testified that Bob Savage and Tom Dickey made the assault upon him and that a man whom he thought was appellant was with them. He stated, however, that he would not swear that it was appellant. There seems to be no

testimony in the record tending to show that appellant aided, advised, commanded or encouraged Dickey and Savage to commit the offense. Many witnesses testified that appellant was at another and different place when the offense was committed. The court submitted a charge on circumstantial evidence. We are of the opinion that the evidence is wholly insufficient to support the judgment of conviction. The rule is stated by Mr. Branch in his Annotated Penal Code of Texas, Section 1877, as follows:

"To sustain a conviction, it should appear, not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it, or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged him.". See also Wilson v. State, 250 S. W. 1033; Hilson v. State, 276 S. W. 272.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.