## ALLEN v. STATE. (No. 12609.)

Court of Criminal Appeals of Texas. June 5, 1929.

Rehearing Denied Oct. 23, 1929.

J. D. Pickett, of Palestine, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, manufacturing intoxicating liquor; penalty, one year and one day in the penitentiary.

Leaving their car about a mile from the place of the alleged commission of the offense, officers walked in the nighttime to a secluded spot. There they observed four men shooting craps near a still. The still was shown to be in operation, and about 70 gallons of whisky were found, as well as some mash. When the parties above mentioned observed the officers they fled. Two of them, including appellant, were apprehended, but the others seem to have escaped. Some shooting was done by the officers, but just at what part of the transaction this took place is not shown in the record. The still was located about a mile and a half from where appellant was making a crop. Officers observed that one man in the party, whom they are not able to identify, punched up the fire of the still. Appellant testified that he was out hunting his mules and was invited to come to that point to shoot craps on the night in question, and that the still belonged to two of the other parties and was being operated by them, and that he had no connection therewith. Appellant is not shown to have owned, controlled, or had any connection with the land on which the still was found. We find no testimony in the record of appellant's connection in any manner with the ownership or control of the mash or still, nor do we find anything showing his connection with its operation. There seems to be an entire absence of any proof that would make him a principal under the terms of articles 65, 66, 67, 68, and 69 of the Penal Code 1925.

■ It has been many times held that mere presence at the place of the commission of the offense, in the absence of proof of having agreed to commit same, will not constitute one a principal. Branch's P. C., § 681; Golden v. State, 18 Tex. App. 639; Sanchez et al. v. State, 70 Tex. Cr. R. 24, 156 S. W. 218. See, also, Jackson v. State, 20 Tex. App. 192; Nowlin v. State, 60 Tex. Cr. R. 356, 132 S. W. 800; Davis v. State, 66 Tex. Cr. R. 659, 148 S. W. 302, 303.

The rule has also been stated: "It is error to so word a charge as that it authorizes a conviction of the defendant as a principal on

bare proof that he was present and knew that an offense was being committed, or to word it so as to make his ownership of the premises where the offense was committed constitute him a principal." Faulkner v. State, 43 Tex. Cr. R. 326, 65 S. W. 1093; Chapman v. State, 43 Tex. Cr. R. 335, 65 S. W. 1098, 96 Am. St. Rep. 874; Smith v. State, 61 Tex. Cr. R. 349, 135 S. W. 152. See also White v. State, 15 S.W.(2d) 23.

Proof to justify a conviction would have to go further than to show merely the presence of appellant at the place of the commission of an offense with knowledge that same was being committed. This seems to be as far as the state's evidence went in this case. His flight under the facts shown in this record is not inconsistent with his innocence of the particular crime for which he was convicted.

Because we think the evidence is insufficient to support a conviction, the judgment is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.