UAL BLACKSTOCK v. THE STATE.

No. 13267. Dismissed April 23, 1930.
Delivered May 14, 1930.
Motion for rehearing by State denied June 18, 1930.
Reported in 29 S. W. (2d) 365.

The opinion states the case.

*C. D. Spann,* of Meridian, *J. L. Bird,* of Walnut Springs, and *Myres & Pressly,* of Fort Worth, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, and *J. P. Word,* County Attorney of Meridian, for State.

CHRISTIAN, JUDGE.—The offense is possessing a still, mash and equipment for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

The caption fails to show the date of the adjournment of the trial court. Under the decisions of this court, the appeal must be dismissed. Yarborough v. State, 273 S. W. 842; Lowery v. State, 244 S. W. 147; Cousineau v. State, 110 Tex. Cr. R. 445.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

CHRISTIAN, JUDGE.—A correct caption having been supplied, the judgment dismissing the appeal is set aside, the appeal is reinstated and the case considered on its merits.

Officers made three trips to the premises of Buck Moore. On the first trip they found about twelve barrels of mash about one-half mile west from the house in which Buck Moore lived. They did not disturb the mash. The following day they went back to the location of the mash, but, as on the first occasion, they found no one there. The day following the second trip they again went to the same locality. On this occasion they discovered a still with a fire under it. Its containers were filled with mash from the barrels they had earlier discovered. Two of the officers came up to the still from the west. A third officer approached it from the south. The officer last mentioned was the only witness who placed appellant in the vicinity of the still. Touching the position appellant occupied relative to the still, said officer testified as follows:

"As to how near I saw anyone to that still on that day, I guess it was fifty steps away from the still, that I saw the defendant, Ual

Blackstock.   At that time Ual Blackstock was running east.   That would be towards the house, where Moore lived.   As to how he was running, when I saw him first he was kinda bent over, but he straightened up.   He was making pretty good time.   * * *   I was closer to the still when I discovered the party running away from the still than he was.   He came out from the still right close to where I was standing.   I was going around the still, and he had to run out right where I was standing.   That was when I first saw him, and the tracks come out that way too.   I was kind of between the still and this party when I first saw him running.   They didn't leave right straight away from the still, the way he was going when I saw him, on account of the branch."

After appellant had run away, one of the officers remained at the still while the others went to Buck Moore's house.   Hearing a noise up a trail leading away from the still, this officer made an investigation.   Stepping out in the open, he saw two men about forty yards away.   They were running.   One of them had a shoe box full of flour and the other had a bucket with coffee in it.   They ran into a thicket, where they dropped the flour and coffee.   The officer was unable to identify said parties.   There was a well-beaten path leading from the still to Buck Moore's house.   There were some automobile tracks in the vicinity of the still.   Appellant owned an automobile, which was found at Buck Moore's residence, a half mile from the still.   There was no testimony that tended to show that the tracks had been made by appellant's car.   Relative to the tracks found around the still, the officer who saw appellant in the vicinity of the still, testified:

"I didn't make any measurement of anybody's track around the still, or going from the still.   I didn't make any measurement of tracks in any way at all, either by actual measurement or by measuring with anybody's foot.   I didn't put anybody's foot into the track.   Where I see a track made it is not necessary to measure the foot.   As to whether or not this was the defendant's track there, he was the man I guessed to make them.   He was the man that was going along there where they were.   There was nobody else around there.   There had been two or three parties going in there that night.   One of them had been through there while it was raining and had come back to the house during the rain, and it rained on them.   Then they went back over there to the still.   I don't know how many went backwards and forwards there.   They had been over there that night while it was raining, whoever made the tracks.

There were more than one set of tracks there. I know who made one set of the tracks."

When appellant was seen by the officer to run away from the vicinity of the still he went toward the home of Buck Moore. However, the officers were unable to find him upon reaching Moore's house. Buck Moore was appellant's uncle. The testimony of one of the officers was to the effect that appellant was staying with Moore during the days they had visited Moore's premises in a search for the still. Appellant had no interest in the premises.

Appellant did not testify in his own behalf. He offered witnesses who gave testimony to the effect that he was at another and different place at the time the still was discovered. Being under 25 years of age, he made application for a suspended sentence, which he supported by proof that he had never been convicted of a felony in this or any other state. Several witnesses testified that his reputation for being peaceable and law-abiding was good.

The court charged on circumstantial evidence. Appellant strenuously insists that the evidence is insufficient to support the conviction. We are constrained to agree with him. The evidence is insufficient to show that appellant was a principal under the terms of Articles 65, 66, 67, 68 and 69 of the Penal Code. In order to support a conviction, the proof would have to go further than to show merely the presence of appellant at the place where the still was found. Appellant had no interest in the premises on which the still was discovered. His flight from a point fifty steps away from the still under the facts reflected by the record is not deemed inconsistent with his innocence. Mere presence at the place of the commission of the offense, in the absence of proof of having agreed to commit same, will not constitute one a principal. Allen v. State, 20 S. W. (2d) 1056, and authorities cited. It was incumbent upon the state to show that appellant had the care, control and management of the still. As we view the matter, the evidence goes no further than to show mere presence of appellant at a point fifty steps away from the still. Allen v. State, supra, presented a similar state of facts. The evidence in that case was held to be insufficient. In reversing the case Judge Martin, speaking for the court, said:

"Proof to justify a conviction would have to go further than to show merely the presence of appellant at the place of the commission of an offense with knowledge that same was being committed. This seems to be as far as the state's evidence went in this case. His

flight under the facts shown in this record is not inconsistent with his innocence of the particular crime for which he was convicted."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing in which it is insisted that the evidence is sufficient to support the conviction. We have again carefully examined the facts. While they raise a strong suspicion of guilt against appellant yet this is not sufficient. Pogue v. State, 12 Tex. Cr. R. 283. Other cases are collated under Sec. 1877, Branch's Ann. Tex. P. C.

Our further investigation has not led us to the conclusion that we were in error in our original opinion.

The motion for rehearing is overruled.

*Overruled.*