## J. H. CHANDLER v. THE STATE.

No. 15142.   Delivered May 4, 1932.

The opinion states the case.

*L. D. Griffin,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, possessing intoxicating liquor for the purpose of sale; the punishment, one year in the penitentiary.

The evidence showed that the witness, T. T. Hamilton, deputy sheriff of Floyd county, on the 18th day of July, 1931, saw the appellant at Locust Grove in Floyd county at a dance hall about ten miles from Lockney and on the occasion mentioned above there were some 400 or 500 people at the dance hall. He testified that he saw the appellant about 10:30 at night; that when he first saw him, he was coming from the dance platform out to the road and he had another fellow coming with him; that there was an automobile about fifty yards from the platform and the appellant and his companion came out to the automobile and he heard something said about their getting a drink; that he didn't know which one of them said it; that they were at the automobile just a short time; that he and the other officers asked them if the car belonged to them and they said it didn't, and the appellant and the man with him then left the automobile and after they left the witness saw some liquor in the car which was a Chevrolet coupe; that the car was locked and they didn't get into the car; that the defendant came back to the car two or three times after that but he never did open the car. The last time he came to the car he was by himself, and the witness and the other officers were back of the car; that the appellant sat on the running board and smoked several cigarettes, and he, the witness, then went up to the appellant and threw a flashlight on him, and there was a car key lying between the defendant's feet on the ground; that they picked it up and unlocked the door and they found about 11 pints of whisky in the car; that he then arrested the appellant. He testified further that there was also two or three hats in the car and in one of the hats was the initials, J. H. C., and right under these initials was the name, James Chandler; that the initials were the initials of the appellant and the name written out was appellant's. He testified that he didn't know who drove the car to the dance but that he had been told that the car belonged to a fellow by the name of Gelner Jarnigan and that to his knowledge the appellant didn't go over there to the dance in that car. He also testified that several people went to the car that night; that he saw someone else sitting on the running board of the car other than the appellant; that he didn't arrest any of them. He further testified that he didn't know defendant had driven the car in which the liquor was or was ever in it.

Appellant did not testify in his own behalf but introduced testimony of several witnesses showing that he came to the party that night in a different automobile than that in which the whisky had been found.

This was a case of circumstantial evidence, and appellant insists that

the evidence is insufficient to support the conviction. We are constrained to agree with the appellant. The indictment charged the appellant with the possession of intoxicating liquor for the purpose of sale, and it was necessary for the state to not only show that the appellant was in possession of the intoxicating liquor, but also that such possession was for the purpose of sale. There may be some suspicious circumstances in the record, but we do not feel that we can be expected to substitute suppositions for evidence. We can not declare that what in reality amounts only to suspicion is in truth sufficient evidence of guilt, for it is one of the indispensable elements of circumstantial evidence that it must do more than coincide with, account for, and therefore render probable the guilt of the defendant. It must exclude every other reasonable hypothesis except the defendant's guilt. That the evidence does not exclude every other reasonable hypothesis except the defendant's guilt of the particular offense charged is, we think, made plain by the evidence in this case. Branch's Ann. P. C., sec. 1877; Blackstock v. State, 115 Texas Crim. Rep., 284, 29 S. W. (2d) 365; Owens v. State, 112 Texas Crim. Rep., 270, 16 S. W. (2d) 239.

The appellant by bill of exception objected to the state offering in evidence testimony of the witness Croft to the effect that about two weeks prior to the alleged offense charged in the indictment in this case that he saw the defendant pour out a pint of whisky and he found some bottled beer in a culvert some 15 feet from where the car in which appellant and a man and a lady were riding, and that this occurred in Hale county, Texas. This evidence does not come under the rule of law permitting the proof of other offenses under certain circumstances and on another trial of this case should not be admitted in evidence over the objection of the appellant.

We have carefully examined the other bills of exception complaining of the action of the trial court in the admission of other evidence, none of which presents reversible error.

Because we believe the evidence is insufficient to support a conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.