## L. B. Templin v. The State.

No. 15653. Delivered March 29, 1933.
Reported in 58 S. W. (2d) 823.

The opinion states the case.

*McGaugh & Darroch*, of Brownwood, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Possession of intoxicating liquor for the purpose of sale is the offense; punishment, 18 months in the penitentiary.

A deputy sheriff by the name of Leonard McKenzie testified that on May 28, 1932, he was out near where appellant lived and he and others found a half gallon of whisky on a vacant lot about 60 or 70 steps south of where appellant lived. The liquor was in some weeds, and there was a cow staked out in the neighborhood of where the liquor was found. The appellant lived in a sparsely settled neighborhood, and there were vacant lots on both sides of the house where appellant lived. The witness further testified that some three weeks prior to the 28th day of May he found three half gallons and three pints of whisky, part of which was found south of where the appellant lived, and part of which was found east of the appellant's house. None of said liquor was found on the lot occupied by appellant's residence. The testimony shows that part of the liquor found south of the house was closer to

another house than it was to that of the appellant, and the liquor found on May 28th was found on a vacant lot which had a lot intervening between it and the appellant's house and also crossed an alley. The witness also testified that on no occasion when they found the liquor on the vacant lot was the appellant seen out there or around the liquor exercising any possession over it or having anything to do with it at all. He also testified that the place where they found the liquor was a place where the general public had access to and was not fenced up, and the timber on it was not so thick as to keep cars from driving through there. He further testified that, while he noticed on the 28th day of May that the weeds had been mashed down near the liquor, he did not claim that there was any beaten trail to the whisky. It is also in evidence that several other persons in the neighborhood used the lot where the liquor was found for staking their cows there.

A witness by the name of Clarence Rogers testified that he lived across the street and one-half block north from where the appellant lived, a distance of about 75 or 100 steps, and at different times he had seen another man and his wife at the house where appellant stayed, but he did not know whether they stayed there all the time or not. He testified that he had seen several cars drive up to appellant's house and stop, and he had seen some man come from the house where appellant lived and then go back to the house, and he had seen him reappear, and had seen some packages delivered to the cars. The packages would be wrapped in paper. He couldn't tell who the man was.

The witness by the name of W. E. Horner testified that he had seen several cars drive up near the appellant's house. They would drive up and wait a few minutes and then they would leave; he did not know their business or whether they were visitors. Sometimes he had seen a man leave the defendant's house and go in a southeastern direction, but he could not tell where he had gone; that the man would return after he had been gone a good while. Sometimes it would look like there was something under the man's coat and sometimes the parties who drove up would go in the house and sometimes they would not.

The appellant did not testify nor offer any evidence. The appellant strenuously insists that the evidence is not sufficient to support a conviction. The conviction rests upon circumstantial evidence. It is the state's burden to prove that appellant owned the liquor found on the vacant premises and also that he possessed it for sale. There is no evidence in the record that

he owned or controlled the place where the liquor was found or that he had at any time asserted any ownership of said liquor, nor is there any evidence in the record that in any way individualizes the possession of the whisky found on the vacant lots. The state, in an effort to show that the appellant had control of the lots on which the liquor was found, introduced evidence to the effect that the appellant had staked and pastured his cow on the vacant property, but the state's witnesses testified that other cows of other parties were also staked in and around these premises. There may be suspicious circumstances in the record, but we do not feel that we can be expected to substitute suppositions for evidence. We can not declare that that which in reality amounts only to suspicion is in truth sufficient evidence of guilt, for it is one of the independent elements of circumstantial evidence that it must do more than coincide with, account for, and render probable the guilt of the defendant. It must exclude every other reasonable hypothesis except the defendant's guilt. That the evidence in this case does not exclude every other reasonable hypothesis except the defendant's guilt of the particular offense charged, is, we think, made plain by an examination of this record. Branch's Ann. P. C., sec. 1877; Blackstock v. State, 115 Texas Crim. Rep., 284, 29 S. W. (2d) 365; Owens v. State, 112 Texas Crim. Rep., 270, 16 S. W. (2d) 239; Smith v. State, 36 S. W. (2d) 532.

Because we believe the evidence is insufficient to support a conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.