RUBY MOFFETT V. THE STATE.

No. 23896. Delivered January 7, 1948.

*Milton K. Norton,* of Dallas, and *Arnold Kirkpatrick,* of Brownwood, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with the unlawful killing of Mary Frances Moffett, and by the jury found guilty of murder without malice and given a penalty of five years in the State penitentiary.

All parties are negroes, and the facts show that the deceased was a girl child of about three years of age, born out of wedlock to appellant at the age of sixteen years. It seems that appellant and one, Freddie Kenner, were living in the same house in Brownwood and that this child was living with them. Upon the death of the child, interested relatives, perceiving the condition of its body, called in the authorities. The body was taken to Dallas, and upon an examination by officers, its conditon showed that the child came to its death by reason of certain wounds and bruises upon its body. An autopsy was performed upon the child, and the physician testified to more than

fifty such wounds. and bruises. He also testified that the child came to its death by means of a blow or blows upon its head which created a hemorrhage in both sides of its brain. There was testimony by one witness that appellant had struck the child with a piece of plank about two weeks or more prior to its death and that the child ran away after being thus struck.

The only further testimony offered to connect appellant with the killing of Mary Frances is reflected by a written statement made by her and introduced in evidence as follows:

"My name is Ruby Moffett; I am 19 years old. I live at 607 Corrothurs Street, Brownwood, Texas. For the past four months, my husband, Freddie Kenner, has told me several times that my baby would be better off if it were dead. He said the child acted silly. Lately my husband has been giving the baby severe whippings. Thursday night around eight o'clock or 8:30 the baby wet on the floor, which made my husband very mad. He picked up a rope and started whipping the child with the rope. He hit her on the head with his fist and knocked her down. He had on some heavy G. I. shoes. When the child would fall, he would kick her on the side of the head with his foot. After he got through whipping the child, she was bruised, scratched, and skinned all over. The next day, Friday, about noon, the child acted like having a spasm.

"Signed: Ruby Moffett, this
4th day of April, A. D., 1947.

"Witnesses: Dean Rippetoe
"Walter W. Watson."

The above statement merely shows that appellant may have stood idly by while Kenner brutally beat and wounded the child and caused its death; and the careful trial court instructed the jury on the law of principals.

In order for one to evidence guilt under the law of principals as set forth in the statute, there must be some concert of action between two or more parties in the commission of a felonious offense. Evidently this conviction must be based upon Article 69, P. C., which reads as follows:

"Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act."

Unquestionably appellant's statement evidences the fact that she was present when Kenner brutally beat and kicked this

helpless negro child, and we find such presence only through her statement. However, this statement is lacking in showing any advice upon the part of appellant to, or agreement with, Kenner or his acts. Mere presence alone, in the absence of having agreed to the offense, is not sufficient to constitute one a principal in the criminal act. See Branch's Ann. Tex. P. C., p. 347, sec. 681, and authorities cited: also Allen v. State, (Tex. Cr. R.), 20 S. W. (2d) 1056; Blackstock v. State, 115 Tex. Cr. R. 284, 29 S. W. (2d) 365; Gillard v. State, 128 Texas Cr. R. 516, 82 S. W. (2d) 678; Mowery v. State, 132 Tex. Cr. R. 408, 105 S. W. (2d) 239.

There is no evidence present herein showing any previous agreement or conspiracy between appellant and Kenner to take the life of this child, and no effort upon her part to secure the safety or concealment of Kenner. It seems that the child's body was taken to an embalmer and properly embalmed and encoffined and then transported to Dallas, where relatives were notified. Prior to its being buried, however, interested relatives observed the bruised and battered condition of its head and face and called in officers of the law. An autopsy was performed and hemorrhages were found on both sides of the brain and by the surgeons testified to as the cause of its death.

That appellant failed to give the alarm and also failed to tell of Kenner's assault upon this helpless child is evident, and such conduct upon her part, while contrary to the accepted standard of motherly love, nevertheless, the statute does not denounce such failure as constituting one a principal.

Under the facts herein shown, we think there are no facts proven which are sufficient to constitute this woman as a principal in the killing of her child, and thus believing, the judgment is reversed and the cause remanded.