J. Hellman v. The State.

No. 5853.   Decided June 9, 1920.

Carrying Pistol—Final Judgment—Jurisdiction.

Where the judgment appealed from is not in accord with the statute, the jurisdiction of this court does not attach, and the appeal must be dismissed.

Appeal from the County Court of Matagorda.   Tried below before the Honorable John F. Perry.

Appeal from a conviction of unlawfully carrying pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Matt Cramer,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—This appeal is prosecuted from a conviction for violation of the pistol law.

A motion to dismiss the appeal is made on the ground that the record does not show a judgment.   The only attempt at a judgment in the record is found in the following language:  "We the jury find the defendant J. Hellman guilty and assess his punishment at $100 fine and costs. G. S. Gideon, Foreman." Then follows the order of the court adjudging him guilty of carrying a pistol as found by the jury, etc.   It will be noticed that it fails to show that appellant entered any plea, or that a jury was empaneled, or any of those preliminary matters required by the statute which precedes the rendition of a verdict.   C. C. P., Art. 853.   This judgment as presented is not in accord with the statute.   Without a judgment the jurisdiction of this court does not attach.   We are, therefore, of opinion that the motion of the Assistant Attorney General is well taken and is sustained.

The appeal is dismissed.

*Dismissed.*