## C. T. WALKER V. STATE.

No. 24370. May 4, 1949.
On Reinstatement of Appeal October 12, 1949.

*Dick Harbin,* Dublin, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the offense of aggravated assault and fined the sum of $100.00 and he appeals.

The record before us does not contain a copy of a final judgment, the presence of which is necessary before our jurisdiction attaches. See Hellman v. State, 87 Tex. Cr. R. 460, 222 S. W. 980; Ellis v. State, 140 Tex. Cr. R. 339; 145 S. W. (2d) 176.

The appeal is therefore dismissed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

At a former term, the appeal in the instant case was dismissed because no final judgment appeared to have been entered.

Thereafter, at the motion of the state and on the 27th day of June, 1949, a judgment was entered nunc pro tunc. From this judgment appellant gave notice of appeal to this court.

The entry of the judgment nunc pro tunc was authorized and in keeping with established precedents. See Art. 772, C. C. P.; 12 Tex. Jur., Criminal Law, Sec. 352; Ex Parte Beard, 41 Tex. 234.

Appellant moves to reinstate his appeal and to have the

supplemental transcript evidencing the nunc pro tunc proceedings considered in connection with and as a part of the record in the case, or, in the alternative, to withdraw the statement of facts from this record in order that same may be filed with and as a part of an entirely new record in the case.

We see no useful purpose to be served by requiring the preparation of a new transcript in this case.

The motion is granted and the appeal is reinstated to be considered in the light of the record before us, as supplemented by the judgment of conviction entered nunc pro tunc.

The statement of facts in this case cannot be considered because it is entirely in question and answer form. Under the express and mandatory provisions of Sec. 1 of Art. 760, C. C. P., as amended, the statement of facts in a criminal case must be in narrative form.

Appellant's contention relative to the failure of the trial court to charge upon the law of circumstantial evidence and to the insufficiency of the evidence to sustain the conviction cannot be appraised in the absence of a statement of facts.

The judgment is affirmed.

Opinion approved by the court.