FATE (BUD) TOWNSEND V. THE STATE.

No. 21392. Delivered February 19, 1941.

The opinion states the case.

*S. H. Townsend,* of Lufkin, *Glen Faver,* of Jasper, and *J. R. Bogard,* of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the theft of cattle. The punishment assessed is confinement in the State penitentiary for a term of four years.

Appellant presents two propositions upon which he seeks a reversal. The first is that the evidence is insufficient to justify and sustain the conviction; and the second is that the testimony relative to the conversation between Travis Parrish and Pud Miller in the absence of appellant was not admissible. In view of the disposition we are making of the case, we deem it necessary to discuss only the first contention. In order to show the basis for the conclusion we have reached, we think it proper to briefly set forth the testimony adduced upon the trial.

On the 25th day of June, 1939, while Travis Parrish was looking for his horses and traveling upon a public road, he came up to a gate leading into Amos Townsend's pasture. A green-colored pick-up truck was parked near the gate. He saw Amos and John Townsend, Pud Miller, Clint Dickey and the appellant, sitting in the shade of a tree and talking. He inquired of them if they had seen his horses. Appellant replied that they saw them up the road a short distance before. Parrish went up the road, but failing to find his horses, came back by the pasture gate. He then saw Pud Miller and John Townsend standing near the gate. They told him that they had seen his horses in the pasture at the top of the hill. This was in the opposite direction from where appellant said he had seen the horses. At that time, some twenty feet from the fence and inside of the pasture the witness saw three head of cattle. He inquired, "Whose cattle are those?" Miller replied, "Those are Sam Williams' cattle." The witness did not know where appellant was at the time. Parrish did not at first recognize the cows that belonged to Sam Williams, but when Miller said they were Williams' cattle, he then noticed the mark and brand

on them from which he knew that they belonged to Williams. One was an old cow with a bell on, another was a red muley heifer and one was a horned heifer. These cattle were in Amos Townsend's pasture in San Augustine County. Later that day, the witness passed a pick-up truck going toward Amos Townsend's home. In this truck were Pud Miller, Clint Dickey and the appellant. The witness did not see the truck any more that day; nor did he see the cattle any more. Neither did he know who put the cattle in Amos Townsend's pasture. The witness had never seen Sam Williams' cattle in that pasture before. He did not know where the appellant was living during the year 1939 and could not say that he had seen him down there prior to the time in question.

Mr. Leonard Hutto testified that on or about the 25th of June, 1939, he passed by Amos Townsend's pasture and saw an empty truck near the gate, but did not see any persons near it; that some two and one-half or three hours later he met this truck with some cows on it going toward Zavalla. There were two persons in the truck, but he did not notice who they were. He recognized the truck and knew that it was the same truck that he had seen parked near the pasture gate. He did not particularly notice the color of the truck but supposed it was a black pick-up. He thought it was a 1938-model Ford truck.

Sam Williams testified to losing the cattle described by the witness, Parrish, which he had seen in the pasture of Amos Townsend. Williams said that he did not give John Townsend or any other person his consent to take the cattle. Williams subsequently found the red muley heifer in the possession of Hays Goree in Madison County.

C. N. Goolsby testified that he lived at Crockett, Texas, and operated an auction ring there; that on the 27th day of June, 1939, Clint Dickey sold three head of cattle through the ring. One was sold to Vernon Marsh, one to Joe Lewis, and one to Carl Lediker.

Joe Lewis testified that he purchased one head of cattle through Mr. Goolsby's auction ring from Clint Dickey on or about the 27th day of June, 1939, and sold the animal on the same day to Mr. Hays Goree.

Mr. Goree testified that on or about the time in question, he purchased a cow from Joe Lewis; that sometime later, Sam Williams came to his place, identified the cow as belonging to him and took her back with him.

The sheriff of San Augustine County found the hide of a large strawberry roan cow, branded with a Roman Four on the left hip, at the Port City Stockyards in Houston. This hide corresponded in color, size and brand with the cow which Williams had lost.

The appellant did not testify or offer any affirmative defense, but at the conclusion of the State's testimony, he moved the court to instruct the jury to return a verdict of not guilty. This motion was overruled, to which he in due time excepted.

From the foregoing testimony, it will be noted that there is no evidence which connects appellant with the taking of the alleged stolen cattle, nor with the possession or the disposition thereof. All that the testimony shows is that he, together with four other men, was sitting in the shade of a tree near the gate leading into the pasture of Amos Townsend in which the alleged stolen cattle were at the time. There is no testimony from any source as to when the cattle were placed into the pasture, how long they had been there, nor by whom they were placed therein or removed therefrom. Consequently the evidence is wholly insufficient to establish the appellant's guilt beyond a reasonable doubt. The general rule is that there must be competent evidence pertinently identifying the accused with the transaction constituting the offense charged against him to a degree of certainty greater than a mere probability or strong suspicion to justify a conviction. See Rios v. State, 153 S. W. 308, 69 Texas Cr. R. 233; Yarbrough v. State, 151 S. W. 545; 69 Texas Cr. R. 150; Navarette v. State, 103 Texas Cr. 449.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.