## FRED PHILLIPS V. STATE

No. 28,637. January 2, 1957

*Wm. E. Davenport*, San Angelo, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for misdemeanor swindling; the punishment, six months in jail and a fine of $100.

The information charged the unlawful acquisition of $49.70 by means of certain false pretenses and devices and fraudulent representations made by the appellant to Mrs. Sam Day.

The sufficiency of the evidence to sustain the conviction is challenged.

The only evidence identifying the appellant with the transaction upon which the prosecution is based is found in the testimony of Mrs. Day, the prosecuting witness, from which we quote:

"Q—Mrs. Day, do you recall about the 4th of April of 1955, last year, when two men came to your house? A—I sure do.

"Q—All right, Mrs. Day, is the defendant here, Fred Phillips, one of those men? A—I could not * * *

"Q.—Look at him and see if you recognize him? A—I can't tell that far; I can't see well enough to tell—this man looks like one of the men that came in to my place. It does look like him.

"Q—Can you remember how he talked? A—No, sir. I couldn't.

"Q—But this looks like the man? A—It looks like him.

"Q—And as good as your sight—your eye sight, that is the best identification you can make? A—It does look like him."

The state had the burden of showing that the appellant was the person, or one of the persons, who committed the offense; Mayo v. State, 156 Texas Cr. Rep. 26, 238 S.W. 2d 777; and we have concluded that it failed to discharge this burden.

Mrs. Day did not testify that the appellant was one of the men who came to her house on the day in question, but only stated that he looked like one of the men. In Porter v. State, 50 S.W. 380, the testimony of a prosecuting witness that the voice of an accused sounded like the voice of a person who entered her room the night before was held insufficient for identification.

It is a well recognized principle of law in this state that, to sustain a conviction, it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Branch's Ann. P.C., 1st Ed., Sec. 1877, Page 1042; Clifton v. State, 39 Texas Cr. Rep. 619, 47 S.W. 642; Hilson v. State, 101 Texas Cr. Rep. 449, 276 S.W. 272; Owens v. State, 112 Texas Cr. Rep. 270, 16 S.W. 2d 239; Baugh v. State, 134 Texas Cr. Rep. 215, 115 S.W. 2d 411; and Townsend v. State, 141 Texas Cr. Rep. 217, 147 S.W. 2d 1092.

The testimony of Mrs. Day, under the principles heretofore stated, is insufficient to identify appellant with the transaction and to sustain the conviction.

Because of the insufficiency of the evidence to support the conviction the judgment is reversed and the cause remanded.

Opinion approved by the Court.