Reginald Eugene **HIGHTOWER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38035.

Court of Criminal Appeals of Texas.

April 7, 1965.

Rehearing Denied May 19, 1965.

John J. Browne, Houston, for appellant.

Frank Briscoe, Dist. Atty., Houston, Carl E. F. Dally, W. Louis White and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the court without a jury, the appellant was convicted of operating an automobile while his operator's license was suspended; the punishment, ten days in jail and a fine of $25.

This cause will be considered as reinstated after the entry of a judgment nunc pro tunc following the dismissal of the appeal. The statement of facts which was a part of the record on such appeal will be considered. This procedure was followed in Walker v. State, 153 Tex.Cr.R. 557, 223 S.W.2d 624.

The information alleges that Reginald Eugene Hightower committed the offense charged on or about October 14, 1963. To such charge, the appellant entered a plea of not guilty.

The evidence is sufficient to show that the appellant was operating an automobile upon a public highway on October 14, 1963.

Officer Rhame testified that immediately after receiving a telephone call on October 14, 1963, he saw the appellant seated in an automobile and that he did not have an operator's license in his possession. He described the appellant as having graying hair and being around six feet one or two inches in height and weighing 190 to 200 pounds.

Officer Dvorsky testified that he was the deputy custodian of the Department of Public Safety and that he had in his possession a file on Reginald Eugene Hightower, whose operator's license number was 4285086; that such record revealed the said license was originally issued May 20, 1957, and was suspended on April 2, 1963, and again suspended on September 6, 1963, and

was still under suspension on October 14, 1963, the date of the instant offense; that his original application for a license was made on April 27, 1956, listing his address as 605 North 7th Street, Silsbee, Texas, and describing him as a white male, born December 2, 1914, having grey eyes, and brown hair, and being six feet one inch in height, weighing 190 pounds, and giving his occupation as "oil field," and being signed "R. E. Hightower." Dvorsky further testified that he had a traffic ticket with a signature on it. The only traffic ticket shown in the record is one dated November 4, 1960, and included in the driving record and bearing the signature of "R. E. Hightower." There is no testimony that the signature on the application or the traffic ticket is that of the appellant. While testifying, Officer Dvorsky further stated that he had not previously seen the appellant, and that all he knew about the person named in said records was that revealed therein.

The deputy district clerk, while testifying, identified an appearance bond as a part of the records in this case, and stated that the name of "R. E. Hightower" was signed thereto, followed by the address of "Route 2, Madison;" and that he did not know the signature appearing on the bond.

The driving record and the bond were admitted in evidence over the objection of the appellant that no proper predicate had been laid for their admission.

The appellant did not testify or offer any testimony in his behalf.

█ It is contended that the evidence is insufficient to sustain the conviction on the ground that the record of suspension involved was not shown to be that of the appellant.

No witness testified that the person on trial was the identical person named in the driving record, or that he saw such person sign the bond or the traffic ticket included in the driving record or that either bore his signature. The name of the person here on trial was not shown by the testimony of

**676**

any witness, nor is there any testimony identifying any known signature or writing as that of the person on trial.

In Rice v. State, 163 Tex.Cr.R. 367, 292 S.W.2d 114, an officer, while testifying, identified the person on trial as being the same person whose Texas driver's license number he had had occasion to record. This furnished the known license number of such person. However, in the instant case the person on trial was never identified, except as to his driving of the automobile, and his height, weight and color of hair, as shown by the testimony.

In Phillips v. State, 164 Tex.Cr.R. 78, 297 S.W.2d 134, this court said:

"It is a well recognized principle of law in this state that, to sustain a conviction, it should appear not only that an offense as charged has been committed, but there should also be proof to a degree of certainty greater than a mere probability or strong suspicion tending to establish that the party charged was the person who committed it or was a participant in its commission. There must be legal and competent evidence pertinently identifying the defendant with the transaction constituting the offense charged against him. Branch's Ann.P.C., 1st Ed., Sec. 1877, Page 1042; Clifton v. State, 39 Tex.Cr.R. 619, 47 S.W. 642; Hilson v. State, 101 Tex. Cr.R. 449, 276 S.W. 272; Owens v. State, 112 Tex.Cr.R. 270, 16 S.W.2d 239; Baugh v. State, 134 Tex.Cr.R. 215, 115 S.W.2d 411; and Townsend v. State, 141 Tex.Cr.R. 217, 147 S.W.2d 1092."

The burden is on the state in any criminal prosecution to prove beyond a reasonable doubt that the accused was the person who committed the offense charged. De La Paz v. State, 161 Tex.Cr.R. 514, 279 S. W.2d 101.

The state relies on Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654. Goolsby told the Highway Patrolman, at the scene, that he had no license, and gave him his

name and date of birth. These facts were supported by the driving record and makes Goolsby clearly distinguishable from the instant case.

The evidence is deemed insufficient to sustain the conviction for the reasons stated.

The judgment is reversed and the cause is remanded.