David Wayne McWHERTER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–011–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 29, 1981.

John W. O'Dowd, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

David Wayne McWherter (appellant) appeals from a jury conviction for aggravated robbery and a 99 year sentence assessed as punishment. Appellant contends procedural errors require a reversal of his conviction or a new trial. After reviewing the record we fail to find any error to support appellant's contentions and affirm.

The Court of Criminal Appeals reversed appellant's initial conviction for aggravated robbery for the trial court's denial of appellant's request to withdraw a plea of "guilty" and submit a "not guilty" plea before the jury retired. This appeal arises from the second trial for the offense of aggravated robbery. Appellant brings six grounds of error.

■ In his first ground of error, appellant contends the evidence is insufficient to support a conviction for failure to identify him as the person charged with the offense. Where challenges to sufficiency of evidence arise in a criminal appeal, the appellate court normally must view the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125, 127 (Tex.Cr. App.1976). Article 38.03 of the Texas Code of Criminal Procedure imposes a greater burden where an appellant contends the

evidence failed to meet the reasonable doubt standard. Tex.Code Crim.Proc.Ann. art. 38.03 (Vernon 1980). Two elements must be met: (1) the State must prove the appellant actually committed the offense; and (2) there must be proof or strong suspicion tending to show the accused was the person who committed the offense. *Phillips v. State*, 164 Tex.Cr.R. 78, 297 S.W.2d 134, 135 (1957); *Hightower v. State*, 389 S.W.2d 674, 675–76 (Tex.Cr.App.1965). To meet these requirements, the appellate court must find sufficient evidence to justify the trier of facts' findings beyond a reasonable doubt. 389 S.W.2d at 676; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A review of the evidence indicates a trier of fact could justifiably find beyond a reasonable doubt that appellant was the person who committed the offense charged. The record shows that appellant was repeatedly identified by several witnesses including the victim and police officers as "this defendant, David Wayne McWherter," and "this defendant David Wayne McWherter, seated over here at this table." The testimony consistently connected appellant with the crime charged. It is the jurors who judge the credibility of the witnesses and weigh the evidence according to the reasonable doubt standard. *McDonald v. State*, 513 S.W.2d 44, 46 (Tex.Cr. App.1974). We cannot say the evidence is vulnerable to appellant's contention and overrule his first ground of error.

■ Appellant's second through fifth grounds of error are similar and will be discussed as a group. In his second ground of error, appellant asserts the trial court reversibly erred in allowing Officer J. H. Bentford to testify to the appellant's reputation in the community in the presence of the jury. Appellant's reliance on the case of *Weatherall v. State*, 159 Tex.Cr.R. 415, 264 S.W.2d 429 (1954) to support his contention is misguided. In that case a witness testifying to a defendant's community reputation was shown on cross-examination to be unqualified because the witness admitted that his testimony "was not based on anything heard from other persons." 264 S.W.2d at 430. There was no such admission in the case before us. The witness' admissions on cross-examination were limited to the fact that he did not know appellant personally. It is not necessary that a witness be personally acquainted with an accused in order to be qualified to testify as to the accused's reputation in the community. *Frison v. State*, 473 S.W.2d 479, 485 (Tex.Cr.App.1971). Officer Bentford was excused without further impeachment or disqualification.

■ Appellant's third, fourth and fifth grounds of error contend the trial court erred in allowing three witnesses to testify at the punishment hearing that appellant's reputation in the community was bad without proper predicates. Detective Teresa Marie Pierce, Officer M. D. Harrison, both with the Houston Police Department, and Deputy James H. Colville testified appellant's reputation in the community for being a peaceful and law-abiding citizen was bad. In order to show that a person's reputation in the community is bad, it is necessary to qualify the witness by showing that the witness is acquainted with an accused's community reputation through what he has heard from others. *Beecham v. State*, 580 S.W.2d 588 (Tex.Cr.App.1979). Pierce testified she had known appellant for approximately two years, she knew appellant's community reputation, that appellant's reputation was bad and that her testimony was not based on the offense for which appellant was on trial but was based on "other things." Officer M. D. Harrison testified he had known appellant for approximately four years and he knew appellant's reputation in the community to be bad based not upon the investigation of this offense but from "other causes." Deputy J. H. Colville testified that, while a bailiff for the 208th District Court, he came to know appellant's reputation in the community from sources other than the investigation of this offense. Appellant made a "running objection" to all three witnesses' testimony on the basis of the state's failure to lay a proper predicate. To qualify as a witness, testimony must demonstrate she/he knows the defendant's general reputation in the community.

*Beecham v. State, supra,* at 590. All the witnesses testified they knew appellant's general reputation and that their knowledge was derived from matters other than the instant offense. The situation before us differs from that presented by the second case, *Watson v. State,* 605 S.W.2d 877 (Tex.Cr.App.1980) (rehearing granted and affirmed) on which appellant relies. In that case a reputation witness' testimony was held to lack a proper predicate because cross-examination showed the witness had not discussed the defendant's reputation with anyone. There was no such showing in the case before us. Appellant did not cross-examine either Harrison or Colville and he limited his cross examination of Pierce to ascertaining whether her testimony was based upon investigation of the instant offense. A witness' knowledge of a defendant's reputation cannot be admitted if it derives from personal knowledge or personal opinion. 580 S.W.2d at 590; *Mitchell v. State,* 524 S.W.2d 510, 512 (Tex.Cr.App.1975). Here, however, the witnesses' testimony demonstrated that the basis for their knowledge of defendant's reputation in the community derived from "other matters." According to *Watson,* such testimony is admissible. 605 S.W.2d at 885. Appellant did not challenge the witnesses' testimony on voir dire or cross examination, therefore, it was not disqualified by any showing or admissions that such testimony lacked basis in what the witnesses had heard from others. Absent such a showing, the testimony was admissible. *Bolding v. State,* 493 S.W.2d 181, 185 (Tex.Cr.App. 1973); *Nichols v. State,* 494 S.W.2d 830, 835 (Tex.Cr.App.1973). Accordingly, appellant's second, third, fourth and fifth grounds of error are overruled.

■ In his final ground of error, appellant complains of the trial court's failure to respond to his objection to the charge by instructing the jury as to the effect to give an alleged oral confession. The trial court conducted a separate hearing outside the presence of the jury to determine its voluntariness as required by *Jackson v. Denno* and subsequent authority. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). During that hearing the trial court found appellant had received all requisite warnings prior to making his statement, his statement was made voluntarily, and it had led to stolen property and information which conduced to establish appellant's guilt. Article 38.22 Section 3(a) does not apply where, as here, an oral confession leads to facts or circumstances, e.g., the location of stolen property, which tends to prove the guilt of an accused. Tex.Code Crim.Pro.Ann. art. 38.22 § 3(c) (Vernon 1979). The evidence before us demonstrates that appellant received warnings from two officers, refused the presence of his attorney, was taken before a magistrate prior to making the alleged confession, and voluntarily made his statement to police. There is no evidence of any attempt to coerce appellant, nor is there any evidence of a denial of appellant's constitutional rights. At a *Jackson v. Denno* hearing, the court is the sole judge of the weight and credibility of the evidence and witnesses. *Hughes v. State,* 562 S.W.2d 857, 863 (Tex.Cr.App.1978); *Myre v. State,* 545 S.W.2d 820, 824 (Tex.Cr.App.1977). The court did not make separate findings of fact and conclusions of law as to voluntariness but these are not necessary where the court's conclusions clearly and unmistakably appear from the record. *Smith v. State,* 395 F.2d 958, 961 (5th Cir. 1968). The court's conclusions as the bases for admission of the oral statement are unmistakably clear in the record. (R 250) Because no fact issue concerning admissibility of the oral confession was before the jury, an instruction in the charge would be improper. *Winegarner v. State,* 505 S.W.2d 303, 304 (Tex.Cr.App.1974); *Myre v. State, supra,* at 825; *Hughes v. State, supra.* The above authorities compel us to overrule appellant's final ground of error.

For the foregoing reasons, we affirm the judgment of the trial court.