CC Draft B printed August 22, 2011 (11:14AM)








 

 

Affirmed and Memorandum Opinion filed September 20, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00666-CR

NO. 14-10-00667-CR

___________________

 

David Wayne Clark, Appellant

 

V.

 

The state of texas, Appellee



 



 

On
Appeal from the 230th District Court

Harris County,
Texas



Trial Court Cause Nos. 1262899 & 1262901

 



 

 

MEMORANDUM OPINION

            A
jury convicted appellant David Wayne Clark of aggravated sexual assault of a
child and indecency with a child. Punishment was assessed at eighty years’
imprisonment on the first charge, and twenty years’ imprisonment on the second.
On appeal, appellant contends (1) that the evidence is legally
insufficient to support his convictions, (2) that the trial court erred by
overruling his motion for new trial, and (3) that he received ineffective
assistance of counsel. We affirm.

BACKGROUND

            Appellant is the
great uncle to the complainant, who, at the time of the offense, was just an
eight-year-old boy. During the spring of 2009, the complainant, his mother, and
three siblings lived with appellant at appellant’s home in Channelview. One day
at school, the complainant was instructed that he would need to ride the bus home
rather than go to his grandfather’s house. The complainant grew visibly upset,
panicked, and refused to take the bus. The school principal contacted
Children’s Protective Services following the incident, suspecting that the
child may be suffering from abuse at home.

            After a series of
interviews, the complainant finally revealed to authorities that he was sexually
abused when he was forced to put his mouth on appellant’s penis. The
complainant reported that the incident happened in appellant’s backyard, during
the day, when no one was around. The complainant also indicated that on a
different occasion, appellant touched him inappropriately and made him watch a
pornographic movie.

            Two psychiatrists
testified that the complainant was a deeply troubled child who exhibited many
signs of fear, post-traumatic stress, and sexual abuse. Upon their
recommendation, the trial court allowed the complainant to testify at trial
through closed-circuit television. During his examination, the complainant
acknowledged that he used to live with “Uncle David,” but the complainant
refused to speak of him by name, referring to appellant only as “pervert”
instead. When describing the backyard incident, the complainant testified that
appellant used his hands to push the complainant’s head up and down while the
complainant’s mouth was touching appellant’s penis.

            The complainant
also testified that on a later occasion, he was sitting in appellant’s living room
watching television with this older sister when appellant placed his hand under
the complainant’s pajamas and touched his private parts. The complainant then
described an event where appellant showed him and his sister “a bad thing” on
television where people were using their bodies to touch each other without wearing
any clothes.

SUFFICIENCY OF THE EVIDENCE

            In his first
issue, appellant argues that the evidence is legally insufficient to support
his conviction for aggravated sexual assault of a child. In his second issue,
he argues that the evidence is legally insufficient to support his conviction
for indecency with a child. Appellant contends his convictions cannot be
sustained because (a) the complainant never made an outcry statement in
his initial interviews with the authorities; (b) the two child
psychiatrists never made specific findings of sexual abuse; (c) the
complainant’s fear of taking the stand may have been caused by any number of
factors, such as past disciplinary action on the part of appellant, rather than
sexual abuse; (d) the complainant’s testimony was “apparently coached”;
and (e) the complainant’s sister did not testify during the
guilt-innocence phase of the trial, and thus, there is no evidence to
corroborate the complainant’s testimony.

When reviewing the legal sufficiency of the evidence,
we examine all of the evidence in the light most favorable to the verdict and
determine whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 895 (Tex.
Crim. App. 2010) (plurality opinion); Pomier v. State, 326 S.W.3d 373,
378 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Although we consider
everything presented at trial, we do not reevaluate the weight and credibility
of the evidence and substitute our judgment for that of the fact finder. Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is
the sole judge of the credibility of witnesses and of the weight given to their
testimony, any conflicts or inconsistencies in the evidence are resolved in
favor of the verdict. Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim.
App. 2000). Our review includes both properly and improperly admitted evidence.
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We also
consider both direct and circumstantial evidence, as well as any reasonable
inferences that may be drawn from the evidence. Id.

To support a conviction for aggravated sexual
assault, the State was required to prove that appellant intentionally or
knowingly penetrated the mouth of a child with his sexual organ. See
Tex. Penal Code Ann. § 22.021 (West 2010). To support a conviction for
indecency with a child, the State was required to prove that appellant engaged
in sexual contact with a child or caused a child to engage in sexual contact. See
id. § 21.11(a). “Sexual contact” means “any touching by a person,
including touching through clothing, of the anus, breast, or any part of the
genitals of a child,” if the touching is intended to arouse or gratify the
sexual desire of any person. Id. § 21.11(c)(1).

A conviction for aggravated sexual assault of a child
or indecency with a child is supportable on the uncorroborated testimony of the
victim if the victim was younger than seventeen years of age at the time of the
offense. Tex. Code Crim. Proc. Ann. art. 38.07 (West 2010). In this case, the
complainant testified that when he was eight years old, appellant touched him
inappropriately and made him perform oral sex. Viewing the evidence in the
light most favorable to the verdict, we conclude that a rational juror could
have found every essential element of the offenses beyond a reasonable doubt.
Appellant’s first two issues are overruled.

MOTION FOR NEW TRIAL

            In his third
issue, appellant contends “[t]he trial court erred in overruling appellant’s
first amended motion for new trial.” He specifically argues that the
complainant never identified him in open court as the person who committed the
sexual assault. Appellant also argues that the evidence is insufficient to
prove identity because the complainant’s sister never produced corroborating
evidence that appellant committed the offense of indecency with a child. The
State observes that the trial court never actually entered a ruling on
appellant’s motion for new trial, and that it was overruled instead by operation
of law. The State then contends that, although appellant timely filed his
motion for new trial, appellant waived this point of error because he failed to
properly present his motion to the trial court.

            Under Rule 21.6
of the Texas Rules of Appellate Procedure, a defendant must “present” a motion
for new trial within ten days of its filing, unless the court in its discretion
permits more time. See Tex. R. App. P. 21.6. To satisfy the presentment
requirement, the defendant must place the trial judge on actual notice that he
desires the judge to rule, conduct a hearing, or take some other action on his
motion. Gardner v. State, 306 S.W.3d 274, 305 (Tex. Crim. App. 2009).
The mere filing of a motion for new trial is insufficient to show presentment. Stokes
v. State, 277 S.W.3d 20, 21 (Tex. Crim. App. 2009). Presentment must be
apparent from the record, and it may be shown by such proof as the judge’s
signature or notation on the motion, or an entry on the docket sheet showing
presentment or the scheduling of a hearing. Gardner, 306 S.W.3d at 305.
Without any showing that the trial judge actually saw appellant’s motion for
new trial, the judge cannot be faulted for failing to rule or conduct a hearing
on the motion. Id.; Longoria v. State, 154 S.W.3d 747, 762–63
(Tex. App.—Houston [14th Dist.] 2005, pet. ref’d) (“A trial court cannot abuse
its discretion by denying a motion for new trial by operation of law when the
motion was not timely presented.”)

            The record in
this case contains no affirmative proof of presentment. There is no ruling on
the motion for new trial, no proposed order containing the judge’s signature or
notation, and no notation on the docket sheet showing that a hearing had been
set on the motion. See Carranza v. State, 960 S.W.2d 76, 79–80 (Tex.
Crim. App. 1998) (providing a non-exclusive list in which a defendant may
satisfy the presentment requirement). The only suggestion of presentment is an
unsigned “Certificate of Presentation” in the body of the motion stating that
counsel “presented this motion to the trial court on __________, with [sic] the
10 days after filing it.” An unsigned certificate will not suffice under
established precedent. See Rozell v. State, 176 S.W.3d 228, 231 (Tex.
Crim. App. 2005); Longoria, 154 S.W.3d at 762.

            Even assuming the
motion had been properly presented, the trial court would not have abused its
discretion by denying appellant’s request for a new trial. The State carries
the burden of proving that the accused is the person who committed the charged
offense. See Phillips v. State, 297 S.W.2d 134, 135 (Tex. Crim. App.
1957). Identity may be proven by direct or circumstantial evidence. See
Earls v. State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986); Martin v.
State, 246 S.W.3d 246, 261 (Tex. App.—Houston [14th Dist.] 2007, no pet.).
An in-court identification is not necessary where other evidence is presented
establishing the culpability of the accused. See Conyers v. State, 864
S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d). The failure
to make an in-court identification is merely a factor for the jury to consider
when assessing the weight and credibility of the witness’s testimony. Meeks
v. State, 897 S.W.2d 950, 955 (Tex. App.—Fort Worth 1995, no pet.).

            In this case, the
complainant testified through closed-circuit television. He referenced acts of
abuse committed by “Uncle David,” without specifically identifying appellant as
his abuser. Even though the complainant did not identify appellant in open
court, one such identification was made by Michael Burr, who was the
complainant’s guardian at the time of trial. Burr testified that appellant is a
distant relation of his, and that he knew the complainant to be living with
appellant at the time of the offense. Burr’s testimony was sufficiently probative
of appellant’s identity, as circumstantial evidence is subject to no higher
standard of proof than direct evidence. See McGee v. State, 774 S.W.2d
229, 238 (Tex. Crim. App. 1989); see also Tex. Code Crim. Proc. Ann.
art. 38.07 (stating that corroboration evidence is not required where a child
victim testifies to a charged offense for sexual assault or indecency with a
child). Appellant’s third issue is overruled.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth issue, appellant argues he received
ineffective assistance of counsel because counsel did not produce any
mitigation evidence during the punishment phase of trial. Appellant argues that
he should have been called as a witness so that he could have testified that he
did not commit the offenses, notwithstanding the jury’s findings of guilt.
Appellant also argues that counsel should have called certain family members to
testify about appellant’s background and character.

We review claims of ineffective assistance of counsel
under the standard set forth in Strickland v. Washington, 466 U.S. 668
(1984). Under Strickland, appellant must prove (1) that his trial
counsel’s representation was deficient, and (2) that the deficient
performance was so serious that it deprived appellant of a fair trial. Id.
at 687. To establish the first prong, appellant must show that counsel’s
performance fell below an objective standard of reasonableness. Id. at
688. Regarding the second prong, appellant must demonstrate that counsel’s deficient
performance prejudiced his defense. Id. at 691–92. To demonstrate
prejudice, appellant must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. Id.
at 694. Failure to make the required showing of either deficient performance or
sufficient prejudice defeats the claim of ineffectiveness. Id. at 697.
This test is applied to claims arising under both the United States and Texas
Constitutions. Hernandez v. State, 726 S.W.2d 53, 56–57 (Tex. Crim. App.
1986).

Our review of defense counsel’s performance is highly
deferential, beginning with the strong presumption that the attorney’s actions
were reasonably professional and were motivated by sound trial strategy. Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is
silent as to trial counsel’s strategy, we will not conclude that appellant
received ineffective assistance unless the challenged conduct was “so
outrageous that no competent attorney would have engaged in it.” Goodspeed
v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial
record contain sufficient information to permit a reviewing court to fairly
evaluate the merits of such a serious allegation. Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, the appellant
is unable to meet the first prong of the Strickland test because the
record on direct appeal is underdeveloped and does not adequately reflect the
alleged failings of trial counsel. Mata v. State, 226 S.W.3d 425, 430
(Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed,
but the right to effective assistance of counsel does not entitle a defendant
to errorless or perfect counsel. See Robertson v. State, 187 S.W.3d 475,
483 (Tex. Crim. App. 2006). “[I]solated instances in the record reflecting
errors of omission or commission do not render counsel’s performance
ineffective, nor can ineffective assistance of counsel be established by
isolating one portion of trial counsel’s performance for examination.” McFarland
v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), overruled on other
grounds by Bingham v. State, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover,
“[i]t is not sufficient that appellant show, with the benefit of hindsight,
that his counsel’s actions or omissions during trial were merely of
questionable competence.” Mata, 226 S.W.3d at 430. Rather, to establish
that the attorney’s acts or omissions were outside the range of professionally
competent assistance, appellant must show that counsel’s errors were so serious
that he was not functioning as counsel. Patrick v. State, 906 S.W.2d
481, 495 (Tex. Crim. App. 1995).

Appellant first argues that counsel was ineffective
because he did not call appellant to the stand during the punishment stage of
trial. The defendant has the ultimate right to testify in his own defense, but
counsel shoulders the primary responsibility of informing him of that right,
including advising him of the advantages and disadvantages of doing so. See
Johnson v. State, 169 S.W.3d 223, 235 (Tex. Crim. App. 2005); Sapata v.
State, 574 S.W.2d 770, 771 (Tex. Crim. App. 1978). Because counsel carries
the burden of imparting such information to the defendant, Strickland
provides the appropriate framework for addressing a claim that counsel should
have called the defendant to testify. See Johnson, 169 S.W.3d at 235.

The record contains no evidence explaining why
counsel did not call appellant to the stand. Appellant never indicated that he
wished to testify, and appellant does not contend that he received deficient
information which led him to believe he was not allowed to testify. Cf.
Salinas v. State, 163 S.W.3d 734, 740–41 (Tex. Crim. App. 2005) (counsel
not ineffective where record does not reflect that defendant asserted his right
to testify and counsel failed to protect it). Ordinarily, defense counsel
should be afforded an opportunity to explain his trial strategy before being
denounced as ineffective. Rylander v. State, 101 S.W.3d 107, 111 (Tex.
Crim. App. 2003). No part of this record, however, sheds any light on the
reasons why counsel did not call appellant to testify. Accordingly, appellant
has failed to overcome the presumption that counsel acted within the wide range
of professional norms by not calling appellant to the stand.

            Appellant also
argues that counsel was ineffective because he did not call other witnesses on
appellant’s behalf. In his briefing, appellant indicates that counsel could
have called his brother, stepson, ex-wife, or mother, each of whom possessed
“extensive knowledge as to the background and character of Appellant.”

            The decision to
call a witness is a matter of trial strategy and a prerogative of trial
counsel. Weisinger v. State, 775 S.W.2d 424, 427 (Tex. App.—Houston
[14th Dist.] 1989, pet. ref’d). To obtain relief on an ineffective assistance
of counsel claim based on an uncalled witness, appellant must show that the
witness would have been available to testify and that his or her testimony
would have had some benefit to the defense. Ex parte White, 160 S.W.3d
46, 52 (Tex. Crim. App. 2004); see Nwosoucha v. State, 325 S.W.3d 816,
830 (Tex. App.—Houston [14th Dist.] 2010, pet. ref’d). Counsel’s decision not
to call particular witnesses at the punishment stage of trial may be
strategically sound when based on a determination that the testimony of the
witnesses may be harmful, rather than helpful, to the defendant. See
Shanklin v. State, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005,
pet. dism’d); Weisinger, 775 S.W.2d at 427. “However, a failure to
uncover and present mitigating evidence cannot be justified as a tactical
decision when defense counsel has not conducted a thorough investigation of the
defendant’s background.” Shanklin, 190 S.W.3d at 164.

            Appellant filed
two motions for new trial, and in neither did he allege that he received
ineffective assistance of counsel. The record does not indicate that any of the
witnesses cited in appellant’s brief was available to testify, or that the
witness’s testimony would have been beneficial to appellant’s defense.
Similarly, there is nothing in the record to suggest that counsel failed to
conduct a thorough investigation prior to trial. Accordingly, the record
contains no evidence to rebut the presumption that counsel’s decision not to
present witnesses was sound trial strategy. Appellant’s fourth issue is
overruled.

CONCLUSION

            The
judgment of the trial court is affirmed.

 

                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Brown, and
Christopher.

Do Not Publish — Tex.
R. App. P. 47.2(b).