COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 WILLIE HENRY, JR.,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
  
 
 
  
 No. 08-11-00221-CR
  
 Appeal from the
  
 396th
 Judicial District Court
  
 of Tarrant
 County, Texas 
  
 (TC# 1238645R) 
  
 
 


O
P I N I O N

Willie
Henry, Jr. appeals the trial court’s judgment convicting him of continuous
sexual abuse of a child and sentencing him to 40 years’ imprisonment.  Henry contends that Section 21.02 of the
Penal Code – the statute criminalizing continuous sexual abuse of a child and
under which he was convicted – is unconstitutional because it violates his right
to a unanimous jury verdict and denies him due process and due course of
law. 
Henry also contends that the evidence is insufficient to support his
conviction because one of his victims failed to identify him in open
court.  Concluding that the issues Henry
raises have no merit, we affirm.

Factual and Procedural Background

Henry
was accused of sexually abusing his two granddaughters, S.B. and S.W.  The indictment against Henry alleges that,
from November 2, 2007 to November 21, 2009, during a period of time that was 30
days or more in duration, he committed two or more acts of sexual abuse against
S.B. and S.W. when they were both younger than 14 years of age.[1]  Some of the specific acts of sexual abuse
Henry was alleged to have committed included aggravated sexual assault of S.B.
by causing her mouth to contact his penis and aggravated sexual assault of S.W.
by causing her mouth and vagina to contact his penis and by penetrating her
vagina with his finger.  Before trial, Henry
moved to quash the indictment on the same grounds he now raises on appeal.  The trial court denied the motion.

S.B.
and S.W. each testified at trial.  S.W.,
then nine years old, testified that Henry touched her vagina with his hand and
penis and made her perform fellatio on him on multiple occasions beginning when
she was four years old and occurring over a period longer than one month.[2]  S.B., then six years old, testified that,
although she did not know the length of a month and could not state with
certainty when the following occurred, when she was five years old, Henry touched
her vagina with his hand and made her touch his penis on separate occasions and
made her perform fellatio on him on multiple occasions.  When asked if she saw Henry in the courtroom,
S.B. testified that she did not.

At
the charge conference, Henry objected to the omission in the charge of an
instruction “that the jury must agree unanimously on which specific acts of
sexual abuse were committed . . .” and to the inclusion in the charge of an
instruction “that the members of the jury are not required to agree unanimously
on which specific acts of sexual abuse . . . were committed . . . .”[3]  The trial court overruled Henry’s objections.

CONSTITUTIONALITY OF SECTION 21.02 OF THE
PENAL CODE

            Henry raises three issues on appeal. 
In his first and second issues, Henry argues that the trial court
erred by denying his motion to quash the indictment and by overruling his
objection to the charge because Section 21.02 violates his constitutional right
to a unanimous jury verdict and denies him due process and due course of law.  See U.S. Const. amend V, VI, XIV; Tex.Const. art I, § 19, art. V, §
13.  Specifically, Henry contends that Section
21.02 violates those constitutional guarantees because it permits jurors to
convict even if they do not agree unanimously on which specific acts of sexual
abuse the defendant committed.  Henry argues
further that, under Section 21.02, the specific acts of sexual abuse the
defendant commits are factual “elements” of the offense, not merely the “manner
and means” by which the offense is committed, and that, consequently, these
acts must be found unanimously.  We
disagree.

Standard
of Review

            We review the constitutionality
of a statute de novo.  Esparza
v. State, 282 S.W.3d 913, 921 (Tex.Crim.App. 2009).  In the absence of evidence to the contrary,
we have a duty to construe a statute in a way that renders it constitutional.  Rodriguez
v. State, 93 S.W.3d 60, 69 (Tex.Crim.App. 2002).  There is strong presumption supporting the
constitutionality of statutes, and the party challenging the validity of a
statute has the burden to establish its unconstitutionality.  Id.

Applicable
Law

Under Section 21.02, a “person commits an
offense if during a period that is 30 or more days in duration, the person
commits two or more acts of sexual abuse, regardless of whether the acts . . .
are committed against one or more victims. . . . .”  Tex.Penal
Code Ann. § 21.02(b)(West Supp. 2012).  The statute also requires that the actor be
17 years of age or older and the victim or victims be younger than 14 years of
age.  Id.[4]
 By its very terms, the statute provides
that when the jury is the trier of fact, its members “are not
required to agree unanimously on which specific acts of sexual abuse were
committed by the defendant or the exact date when those acts were committed.”  Tex.Penal
Code Ann. § 21.02(d).  Jurors, however, “must agree unanimously that
the defendant, during a period that is 30 or more days in duration, committed
two or more acts of sexual abuse.”  Id.

The Texas Constitution requires juror
unanimity in felony cases.  See Young v. State, 341 S.W.3d 417, 422
(Tex.Crim.App. 2011); Tex.Const.
art V, § 13.  The requirement of juror
unanimity applies to each element of an offense, but not to the manner and
means by which the elements of the offense are accomplished.  Jefferson
v. State, 189 S.W.3d 305, 311 (Tex.Crim.App. 2006).  Consistent with due-process guarantees, the
Legislature may define a criminal offense in a way that permits jurors to
convict while disagreeing about the manner and means of commission of that
offense, provided the alternate manners and means of commission are basically
equivalent morally and conceptually.  Casey v. State, 349 S.W.3d 825, 829 (Tex.App.--El
Paso 2011, pet. ref’d), citing White v. State, 208 S.W.3d 467, 469
(Tex.Crim.App. 2006) and Jefferson,
189 S.W.3d at 313-14.

Discussion

The various acts of
sexual abuse listed in Section 21.02(c) are not elements of the crime of
continuous sexual abuse of a child, but are merely the means by or the manner
in which one commits the offense.[5]  Accordingly, Section 21.02 does not violate a
defendant’s constitutional right to a
unanimous jury verdict.  As this Court
and other courts of appeal have recognized, the specific actus reus of the offense is the continuous course of conduct – the
pattern of sexual assaults encompassing the individual acts of sexual conduct –
rather than each individual act.  See Casey, 349 S.W.3d at 829; Jacobsen
v. State, 325 S.W.3d 733, 736-37 (Tex.App.--Austin 2010, no pet.); Reckart v. State, 323 S.W.3d 588, 600-01 (Tex.App.--Corpus Christi 2010,
pet. ref’d); Render v. State, 316
S.W.3d 846, 857-58 (Tex.App.--Dallas 2010, pet. ref’d).  It is
the continuous course of sexual abuse, as
demonstrated by two or more acts in violation of one or more of the statutes
referred to in Section 21.02(c) during a period of 30 days or more, that
establishes that the offense has been committed.  The specific acts of sexual abuse enumerated
in Section 21.02(c) are merely the underlying evidentiary facts necessary to
establish that the defendant committed
the requisite number of acts.  Jacobsen, 325 S.W.3d at 736-37.  Indeed, the
language of Section 21.02 itself suggests that the requisite number of acts do
not constitute elements of the offense. 
Section 21.02 does not criminalize the underlying acts, but rather,
incorporates the other statutes merely to define the acts that make up the
continuous course of sexual abuse prohibited by the statute.  Requiring unanimity on the precise manner in
which the acts were committed is therefore irrelevant so long as the jurors unanimously agree that the defendant committed
the requisite number of acts over the specified time.  If the jurors so agree, a defendant’s constitutional right to a unanimous jury
verdict is protected, even if the jurors disagree on which specific acts
of abuse the defendant committed.  See Casey, 349 S.W.3d at 829; Jacobsen, 325 S.W.3d at 739; Reckart, 323 S.W.3d at 600-01; Render, 316 S.W.3d at 857-58.

Section 21.02 likewise does not deny a
defendant due process and due course of law.  In Section 21.02, the
alternate manners and means of commission of the offense, i.e., the various acts of sexual abuse enumerated in Section
21.02(c), all involve actual or intended sexual abuse of a child, all are
felonies, all are morally equivalent, and all are conceptually similar.  Casey,
349 S.W.3d at 829.  In light of the
foregoing, Section 21.02 does not deny due process and due course of law simply
because it permits jurors to convict while disagreeing on the manner and means
of commission of the offense.  Id. at 829-30, citing Jacobsen, 325 S.W.3d at 739.

Henry argues that the decisions upholding
unanimity challenges to Section 21.02 “have been wrongly decided and should be reexamined
under the Constitutional lens.”  In
support of his argument, Henry cites Richardson
v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999) and State v. Rabago, 103 Hawaii 236, 81 P.3d
1151 (2003).  Henry’s reliance on these
cases for his argument that Section 21.02 is unconstitutional is misplaced.

Richardson
is not only distinguishable from this case but also compatible with our
conclusion that Section 21.02 does not violate the Texas constitutional
requirement of jury unanimity.  In Richardson, the Supreme Court held that,
in order to convict a defendant under the federal continuing criminal
enterprise drug statute, a jury must agree unanimously on the specific,
underlying drug code violations that comprise the “continuing criminal
enterprise.”  526 U.S. at 815, 119 S.Ct.
at 1709.  The Court so held for two
reasons.  First, the Court reasoned that
because the statute did not explicitly reveal whether the individual violations
are an element or a means – the former, but not the latter, requiring juror
unanimity – it was necessary to engage in a statutory interpretation
analysis.  Id. at 818, 119 S.Ct. at 1710.  After construing the statutory language, the
Court concluded that Congress had intended each violation to be treated as an
element of the offense.  Id. at 818-19, 119 S.Ct. at 1710-11.  Second, the Court also reasoned that the
potential unfairness created by the breadth of the term “violation” to encompass
approximately 90 predicate drug crimes involving “many
different kinds of behavior of varying degrees of seriousness,” required jury
unanimity as to each individual violation. 
Id. at 819-20, 824, 119 S.Ct.
at 1711, 1713.

Unlike the federal statute in Richardson, the statute here is not
susceptible to different interpretations on the jury unanimity question.  Section 21.02(d) clearly states that jurors “are not required to agree unanimously on which specific
acts of sexual abuse were committed by the defendant or the exact date when
those acts were committed,” but “must agree unanimously that the defendant,
during a period that is 30 or more days in duration, committed two or more acts
of sexual abuse.”  Tex.Penal Code Ann. § 21.02(d).  Thus, in contrast to the statute in Richardson, Section 21.02 explicitly makes
known whether the individual act is an element or a means.  Under Section 21.02(d), the specific,
individual acts comprising the requisite number of predicate acts for purposes
of Section 21.02(b) clearly constitute the underlying means rather than the elements
of the offense on which the jury must agree unanimously.  Section 21.02 singularly prohibits
“continuous sexual abuse of a child” and, therefore, essentially creates a
single element, a series, in respect to which individual violations are but the
means.  Accordingly, in prosecutions
under Section 21.02, the jury need only agree that the defendant committed at least
two of all the underlying crimes the State attempts to prove.

In addition, Section
21.02 does not give rise to similar concerns about statutory breadth and
potential unfairness expressed in Richardson.
 Because the statute in Richardson encompassed approximately 90 predicate
drug crimes that were not all morally equivalent or conceptually similar, the
risk of dispensing with unanimity on the predicate acts was too great.  By contrast, the predicate acts in Section
21.02 are sufficiently equivalent to justify the Legislature’s decision to
dispense with unanimity on the predicate acts. 
The lack of jury unanimity regarding the specific acts constituting the
required minimum of two sexual abuse acts raises no concern about fundamental fairness
given the circumstances.

Like Richardson,
Rabago is also distinguishable from
this case, so much so that its reasoning is inapplicable in this case.  In Rabago, the Hawaii Supreme Court struck down a
statute similar to Section 21.02.  103
Hawaii 236, 81 P.3d 1151 (2003).  The
Court did so based on its conclusion that the behavior proscribed by the
statute did not constitute a “continuing offenses,” but rather “several
distinct acts.”  81 P.3d at 1162-63.  As defined by the Court, a “continuing offense”
is “a continuous, unlawful act or series of acts set on foot by a single
impulse and operated by an unintermittent force, however long a time it may
occupy[, or] an offense which continues day by day[, or] a breach of the
criminal law, not terminated by a single act or fact, but subsisting for a
definite period and intended to cover or apply to successive similar
obligations or occurrences.”  Rabago, 81 P.3d at 1162-63.  According to the Court, the distinction
between a continuing offense or several distinct acts turns on “whether the
evidence discloses one general intent or discloses separate and distinct
intents[;] [i]f there is but one intention, one general impulse, and one plan,
there is but one offense.”  Id. at 1163.  Relying on these principles, the Court held
that the statute’s requirement of three or more acts of sexual penetration or
sexual contact, when combined with the attendant circumstance of “over a period
of time,” “necessarily entails multiple impulses and the operation of intermittent
forces and thus deviates from the construct of ‘continuing offenses.’”  Id.
at 1167.

As noted above, the Court’s conclusion in Rabago hinges on its definition of what
constitutes a continuous course of conduct, not on the constitutional claims
made by Henry in this case.  On that
basis alone, Rabago is
distinguishable.  Rabago is also distinguishable on another basis.  Although the definition of continuous course
of conduct in Rabago is questionable,
we would, unlike the Hawaii court, conclude that the conduct prohibited by Section
21.02 clearly fits within that definition. 
The record here establishes that Henry’s actions, in the words of that
court, were driven by “‘one intention, one general impulse, and one plan’” – to
molest his granddaughters.  Rabago, 81 P.3d at 1163.  Henry’s acts therefore constituted a
continuous course of conduct under Section 21.02.

In sum, the various acts of sexual abuse enumerated in Section 21.02(c) are not
elements of the crime of continuous sexual abuse of a child, but are merely the
means by or the manner in which one commits the offense.  Section 21.02 therefore does not violate the constitutional
requirement of jury unanimity by permitting jurors to convict even if they do
not agree unanimously on which specific acts of sexual abuse the defendant
committed.  Moreover, since the acts
listed in Section 21.02(c) are morally equivalent and conceptually similar, Section
21.02 does not deny a defendant due process and due course of law simply
because it permits jurors to convict while disagreeing on the manner and means
of commission of the offense.  In view of the foregoing, we conclude
that the trial court did not err in denying Henry’s pretrial motion to quash
the indictment and his objections to the charge.  Henry’s
first and second issues are overruled.

SUFFCIENCY
OF THE EVIDENCE

            By his third and final issue, Henry contends
that the evidence is insufficient to sustain his conviction as to S.B. because she
testified that she did not see her perpetrator in the courtroom.  We disagree.

Standard of Review

In Brooks v. State, the Court of Criminal
Appeals abandoned factual sufficiency review in those cases where the burden of
proof is beyond a reasonable doubt.  Brooks v. State, 323 S.W.3d 893, 894-95
(Tex.Crim.App. 2010)(finding no meaningful distinction between the legal and
factual sufficiency standards and no justification for retaining both
standards, therefore overruling the factual sufficiency review adopted in Clewis v. State, 922 S.W.2d 126, 133
(Tex.Crim.App. 1996)).  The legal
sufficiency standard articulated in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979),
is the only standard a reviewing court applies in determining whether the
evidence is sufficient to support a conviction. 
Brooks, 323 S.W.3d at
894-95.  Therefore, we will review the
evidence under the Jackson legal
sufficiency standard and determine whether the evidence is sufficient to
support the challenged elements beyond a reasonable doubt.  See id., citing Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.

            When reviewing the sufficiency of
the evidence to support a criminal conviction, we view the evidence in the light
most favorable to the verdict to determine whether, based on that evidence and
reasonable inferences therefrom, a rational juror could have found the
essential elements of the offense beyond a reasonable doubt.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), quoting Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.  Under a legal sufficiency review, we may not
substitute our judgment for that of the jury, who is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the evidence.  Williams
v. State, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007).  We therefore defer to the jury’s resolution
of these issues and to its responsibility to draw reasonable inferences from
basic facts to ultimate facts.  Hooper, 214 S.W.3d at 13, citing Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2788-89.  In resolving what the facts are and what
reasonable inferences may be drawn from them, the jury may accept one version
of the facts and reject another, and it may reject any part of a witness’s
testimony, even if uncontradicted.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex.Crim.App. 2000), overruled on
other grounds, Laster v. State,
275 S.W.3d 512 (Tex.Crim.App. 2009); Henderson
v. State, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref’d).

Applicable Law

The State bears the burden of proving that
the accused is the person who committed the charged offense.  See
Phillips v. State, 164 Tex.Crim. 78, 297 S.W.2d 134, 135 (Tex.Crim.App. 1957).
 The identity of the accused may be
proved by direct or circumstantial evidence.  See
Earls v. State, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986); Martin v. State, 246 S.W.3d 246, 261
(Tex.App.--Houston [14th Dist.] 2007, no pet.). 
Proving the identity of the accused in open court is not required if
other evidence establishes the accused’s culpability.  See
Conyers v. State, 864 S.W.2d 739, 740 (Tex.App.--Houston [14th Dist.] 1993,
pet. ref’d).  That a witness cannot
establish the accused’s identity in open court is merely a factor for the jury
to consider when assessing the weight and credibility of the witness’s
testimony.  Meeks v. State, 897 S.W.2d 950, 954-55 (Tex.App.--Fort Worth 1995,
no pet.).

Discussion

When viewed in the light most favorable to
the verdict, the evidence adduced at trial concerning the identification of the
perpetrator was sufficient to prove that Henry sexually abused S.B.  Although S.B. testified that she did not see her perpetrator in the
courtroom, she identified “Willie Henry,” “papa,” and “Peter” as her abuser. 
As testified to by S.B. and other witnesses, including S.W., these were names by which Henry was known to
people.  In addition, even though S.B.
did not identify Henry in open court, she identified him in a photograph shown
to her at trial.  Furthermore, S.W. and
S.W.’s and S.B.’s mother each identified Henry in open court.  This evidence was sufficiently probative of Henry’s
identity as S.B.’s abuser notwithstanding S.B.’s failure to point to him in
open court, and S.B.’s failure to do so was merely a factor for the jury
to consider when assessing the weight and credibility of her testimony.  That the jury found Henry guilty of sexually
abusing S.B. establishes that the jurors believed beyond a reasonable doubt
that Henry was S.B.’s abuser.  Henry’s third issue is overruled.

 

CONCLUSION

            Having
overruled all three of Henry’s issues, we affirm the trial court’s judgment.

 

 

 

January
16, 2013                                             ANN
CRAWFORD McCLURE, Chief Justice

 

Before
McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff,
J. (Not Participating)

 

(Do
Not Publish)











[1]
At the conclusion of the State’s case-in-chief, the State waived Count Two of
the Indictment.

 





[2]
S.W. also testified that Henry touched
her vagina with his mouth on multiple occasions.  She did not, however, testify that these acts
occurred over a period longer than one month.

 





[3]
Henry also raised other objections to the charge, but they play no part in this
appeal.





[4] In its entirety, Section 21.02(b) reads:

A person commits an offense if:

(1) during a
period that is 30 or more days in duration, the person commits two or more acts
of sexual abuse, regardless of whether the acts of sexual abuse are committed
against one or more victims; and

(2) at the time of
the commission of each of the acts of sexual abuse, the actor is 17 years of
age or older and the victim is a child younger than 14 years of age.

 

Tex.Penal Code
Ann. § 21.02(b)(West Supp. 2012).

 





[5] In its entirety, Section
21.02(c) reads:

 

For purposes of
this section, ‘act of sexual abuse’ means any act that is a violation of one or
more of the following penal laws:

 

(1) aggravated
kidnapping under Section 20.04(a)(4), if the actor committed the offense with
the intent to           violate or abuse
the victim sexually;

(2) indecency with
a child under Section 21.11(a)(1), if the actor committed the offense in a
manner other           than by touching,
including touching through clothing, the breast of a child;

(3) sexual assault
under Section 22.011;

(4) aggravated
sexual assault under Section 22.021;

(5) burglary under
Section 30.02, if the offense is punishable under Subsection (d) of that
section and the actor committed the offense with the intent to commit an
offense listed in Subdivisions (1)-(4); and

(6) sexual
performance by a child under Section 43.25;

(7) trafficking of
persons under Section 20A.02(a)(7) or (8); and

(8) compelling
prostitution under Section 43.05(a)(2).

 

Tex.Penal Code
Ann. § 21.02(c)(West Supp. 2012).